[895 NYS2d 901]

In the Matter of D. Scott Young, an Attorney, Respondent. Grievance Committee of the Seventh Judicial District, Petitioner.

Fourth Department, March 19, 2010

**APPEARANCES OF COUNSEL**

*Andrea E. Tomaino, Principal Counsel, Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*Michael T. DiPrima*, Rochester, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on June 25, 1987, and maintains an office for the practice of law in Rochester. On July 24, 2009, respondent was convicted upon his plea of guilty in Monroe County Court of failure to pay tax (Tax Law former § 1810), an unclassified misdemeanor. Respondent admitted that he failed to pay New York State personal income tax for a one-year period. The plea was entered in satisfaction of a felony complaint charging respondent with failing to file personal income tax returns for a six-year period and with failing to pay taxes for a one-year period. Respondent was sentenced to a conditional discharge.

The Grievance Committee filed a petition charging respondent with acts of misconduct arising from his failure to pay personal income tax and to file personal income tax returns. Respondent filed an answer admitting the material allegations of the petition, and he appeared before this Court and submitted matters in mitigation.

We conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3])—engaging in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer; and

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer.

We have considered, in determining an appropriate sanction, the matters submitted by respondent in mitigation, including that he has now filed all New York State tax returns, has paid all taxes due with interest and penalties, and has cooperated with both the New York State Department of Taxation and Finance and the Grievance Committee. Additionally, we have considered respondent's previously unblemished record and the numerous letters submitted on behalf of respondent attesting to his good character. Finally, we have considered respondent's expression of extreme remorse. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured (see Matter of Coletti, 70 AD3d 32 [2009]).

CENTRA, J.P., FAHEY, SCONIERS and GORSKI, JJ., concur.

Order of censure entered.