[918 NYS2d 918]

In the Matter of HARVEY S. BUNIS, an Attorney, Respondent.
GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT,
Petitioner.

Fourth Department, March 25, 2011

**APPEARANCES OF COUNSEL**

*Andrea E. Tomaino, Principal Counsel Seventh Judicial District Grievance Committee*, for petitioner.

*Michael T. DiPrima*, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 22, 1977, and maintains an office for the practice of law in Rochester. On August 10, 2010, respondent was convicted upon his plea of guilty in Monroe County Court of failure to pay tax (Tax Law former § 1810), an unclassified misdemeanor. Respondent admitted that he failed to pay New York State personal income tax for a one-year period. The plea was entered in satisfaction of a felony complaint charging respondent with failing to file personal income tax returns for a six-year period and with failing to pay personal income taxes for a one-year period. Respondent was sentenced to an unconditional discharge.

The Grievance Committee filed a petition charging respondent with acts of misconduct arising from his failure to pay personal income tax and to file personal income tax returns. Respondent filed an answer admitting the material allegations of the petition, and he appeared before this Court and submitted matters in mitigation.

We conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3])—engaging in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer; and

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer.

We have considered, in determining an appropriate sanction, the matters submitted by respondent in mitigation including that he has filed all New York State tax returns, that he has paid all taxes due with interest and penalties, that he has taken measures to prevent similar misconduct in the future, and that the misconduct occurred at a time when respondent suffered from family difficulties. Additionally, we have considered respondent's expression of extreme remorse. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured (*see Matter of Coletti*, 70 AD3d 32 [2009]).

SMITH, J.P., FAHEY, CARNI, SCONIERS and GORSKI, JJ., concur.

Order of censure entered.