[921 NYS2d 589]

In the Matter of R. ROBERT SOSSEN, JR., an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, April 29, 2011

**APPEARANCES OF COUNSEL**

*Anthony J. Gigliotti, Principal Counsel Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.

*Emil M. Rossi*, Syracuse, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on July 9, 1975 and maintains an office for the practice of law in Utica. On October 13, 2010, respondent was convicted upon his plea of guilty in Onondaga County Court to three counts of failure to pay tax (Tax Law former § 1810), an unclassified misdemeanor. Respondent admitted that he failed to pay New York State personal income tax in a timely manner for a three-year period. The plea was entered in satisfaction of an indictment that charged respondent with failing to file personal income tax returns for a seven-year period and with failing to pay personal income tax for a one-year period. Respondent was sentenced to a period of incarceration for 10 weekends, commencing in December 2010 and concluding in February 2011, to be followed by a three-year term of probation.

The Grievance Committee filed a petition charging respondent with acts of misconduct arising from his failure to pay personal income tax and to file personal income tax returns. Respondent filed an answer admitting the material allegations of the petition, and he appeared before this Court and submitted matters in mitigation.

We conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3])—engaging in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer; and

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer.

We have considered, in determining an appropriate sanction, respondent's submissions in mitigation, including that he has filed all New York State tax returns, has paid all taxes due with interest and penalties, and has cooperated with both the New York State Department of Taxation and Finance and the Grievance Committee. Additionally, we have considered respondent's record of public service and the numerous letters of support submitted by individuals attesting to his good character and standing in the community. Finally, we have considered respondent's previously unblemished record and his expression of extreme remorse. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured (*see Matter of Coletti*, 70 AD3d 32 [2009]).

· CENTRA, J.P., PERADOTTO, LINDLEY, GREEN and MARTOCHE, JJ., concur.

Order of censure entered.