[924 NYS2d 866]

In the Matter of CAROLE C. LIVSEY, an Attorney, Respondent.
GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT,
Petitioner.

Fourth Department, June 10, 2011

APPEARANCES OF COUNSEL

*Andrea E. Tomaino, Principal Counsel Seventh Judicial District Grievance Committee,* Rochester, for petitioner.

*Carol C. Livsey,* respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 10, 1991, and maintains an office for the practice of law in Rochester. On November 16, 2010, respondent was convicted upon her plea of guilty in Monroe County Court of failure to pay tax (Tax Law former § 1810), an unclassified misdemeanor. Respondent admitted that she failed to pay New York State personal income tax in a timely manner for a one-year period. The plea was entered in satisfaction of a felony complaint that charged respondent with failing to file personal income tax returns for a five-year period and with failing to pay personal income tax for a one-year period. Respondent was sentenced to a one-year conditional discharge, including the condition that she serve a period of incarceration of eight weekends.

The Grievance Committee filed a petition charging respondent with acts of misconduct arising from her failure to pay personal income tax and to file personal income tax returns. Respondent filed an answer admitting the material allegations of the petition, and she appeared before this Court and submitted matters in mitigation.

We conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3])—engaging in illegal conduct that adversely reflects on her honesty, trustworthiness or fitness as a lawyer; and

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on her fitness as a lawyer.

We have considered, in determining an appropriate sanction, respondent's submissions in mitigation, including that she has filed all New York State tax returns, paid all taxes due and cooperated with both the New York State Department of Taxation and Finance and the Grievance Committee. Additionally, we have considered that the misconduct occurred at a time when respondent was suffering from health and financial problems

and caring for a severely ill relative. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured (*see Matter of Sossen*, 85 AD3d 25 [2011]; *Matter of Coletti*, 70 AD3d 32 [2009]).

SMITH, J.P., FAHEY, CARNI, SCONIERS and GORSKI, JJ., concur.

Order of censure entered.