[951 NYS2d 431]

In the Matter of CHRIST GAETANOS, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, July 19, 2012

**APPEARANCES OF COUNSEL**

*Guy C. Giancarlo, Associate Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*Barry Nelson Covert*, Buffalo, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 12, 1980, and maintains an office for the practice of law in Buffalo. On September 29, 2011, respondent was convicted upon his plea of guilty in Buffalo City Court of failure to pay tax (Tax Law former § 1810), an unclassified misdemeanor. Respondent admitted that he failed to pay New York State personal income tax for a one-year period. The plea was entered in satisfaction of a felony complaint charging respondent with failing to file personal income tax returns for a three-year period. Respondent was sentenced to a conditional discharge.

The Grievance Committee filed a petition charging respondent with acts of misconduct arising from his failure to pay personal income tax and to file personal income tax returns. Respondent filed an answer admitting the material allegations of the petition, and he appeared before this Court and submitted matters in mitigation.

We conclude that respondent has violated the following former Disciplinary Rules of the Code of Professional Responsibility and the following Rules of Professional Conduct:

DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3]) and rule 8.4 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0)—engaging in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer; and

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) and rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0)—engaging in conduct that adversely reflects on his fitness as a lawyer.

We have considered, in determining an appropriate sanction, the matters submitted by respondent in mitigation, including that he has now filed all New York State tax returns and paid all taxes due for the years at issue in this proceeding. We have additionally considered respondent's submission that, at the time of the misconduct, he was suffering from severe depression for which he has sought treatment. Finally, we have considered respondent's previously unblemished record and his expression of remorse. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured (*see Matter of Martin*, 78 AD3d 55 [2010]).

Centra, J.P., Peradotto, Lindley and Martoche, JJ., concur.

Order of censure entered.